UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ZACHARIAH HARDWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:14-cv-00387-JDL |
| ) | |
| ANDROSCOGGIN COUNTY ) | |
| SHERIFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Zachariah Hardwick seeks to recover damages for physical and emotional injury sustained as a result of an assault by another inmate. Plaintiff maintains that the assault occurred as the result of Defendants' inappropriate inmate housing assignments. Plaintiff also complains of a subsequent housing decision by which he was placed in the same pod as another inmate who threatened him. The matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 9).[1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant Defendants' Motion.

**BACKGROUND**

In his Complaint,[2] Plaintiff alleges that he was assigned to the same cell as a co-defendant, contrary to a state court order that he and his co-defendants have no contact in prison. Plaintiff

---

[1] The Court referred the motion for report and recommended decision.

[2] Plaintiff's allegations are recited simply as background for Plaintiff's claim. Because Plaintiff did not respond to Defendants' Motion for Summary Judgment, Plaintiff has not introduced or cited any evidence in support of the allegations in his complaint.

asserts that his co-defendant assaulted him while he slept, which assault caused Plaintiff to suffer a broken nose and cheek, and damage to his vision. According to Plaintiff, after he returned from the hospital, Defendants placed him in a protective custody cell directly across the hall from his former cell. Additionally, Defendants assigned him to the same pod as another co-defendant. Plaintiff has recreation with general population and fears for his safety. Plaintiff asserts that Defendants' housing assignments and their consequences (e.g., the assault), violate his rights under the Fourteenth Amendment.

In support of their motion for summary judgment, Defendants assert the following facts, which facts Plaintiff has not challenged.[3] Plaintiff first arrived at the Androscoggin County Jail on July 3, 2014, at 3:00 a.m., and he remains incarcerated. (Defs.' Statement of Material Facts ¶¶ 1-2.) At the time of the events that are the subject of this action, Plaintiff was a pretrial detainee.

When Plaintiff first arrived at the jail, he was asked if he wanted to be in protective custody, but he declined. (*Id.* ¶ 3.) On July 3, 2014, Plaintiff was assigned to the same cell as his co-defendant, Michael Hodgkins. (*Id.* ¶ 4.) Before breakfast, Plaintiff told a corrections officer that there was an order that prohibited him from having contact with Mr. Hodgkins. He asked to be moved to another pod. (*Id.* ¶ 5.)

At breakfast, Plaintiff tried to talk to Mr. Hodgkins, but Mr. Hodgkins did not respond. (*Id.* ¶ 7.) Mr. Hodgkins asked Plaintiff to go out to recreation, but Plaintiff declined because he had been on the bus for five days and wanted to sleep. (*Id.* ¶ 8.) Recreation is from approximately 8:30 to 9:30 a.m. (*Id.* ¶ 9.)

---

[3] To challenge or introduce facts for purposes of summary judgment, a plaintiff must comply with Local Rule 56. Plaintiff failed to comply with the Local Rule. Indeed, Plaintiff did not file a response to Defendants' Motion for Summary Judgment.

Before recreation, Plaintiff told another corrections officer that there was a no-contact order with Mr. Hodgkins, and he asked to be moved out of the pod because he did not feel safe. (*Id.* ¶ 10.) Plaintiff went to bed and Mr. Hodgkins, upon returning from recreation, assaulted Plaintiff while he slept. (*Id.* ¶ 11.) The assault occurred at approximately 9:30 a.m. (*Id.* ¶ 12.) Plaintiff suffered a broken nose and cheek bone as the result of the assault. (*Id.* ¶ 13.)

When Plaintiff told the corrections officer that he did not feel safe, he did not have any reason to believe the jail staff knew that Mr. Hodgkins posed a threat of harm to him. (*Id.* ¶ 17.) Plaintiff maintains that the jail did not respond timely to his request to be moved. (*Id.* ¶ 24.)

After Plaintiff was assaulted, the jail staff took Plaintiff to medical and then to St. Mary's Hospital before returning him to the jail. (*Id.* ¶ 14.) When Plaintiff returned to the jail, he was placed in protective custody and on suicide watch for a few days. (*Id.* ¶ 15.) Plaintiff was not assaulted physically at the jail after July 3, 2014. (*Id.* ¶ 16.) Subsequent to the assault, Plaintiff has been verbally abused and threatened by other inmates. (*Id.* ¶ 19.)

On occasion, Plaintiff has been placed in the same pod as Ben Parker, another co-defendant who is in protective custody at the jail. (*Id.* ¶¶ 20, 21.) Mr. Parker has never physically harmed Plaintiff. (*Id.* ¶ 22.) Plaintiff and Mr. Parker are now in double protective custody, which means that they cannot be out of their respective cells at the same time. (*Id.* ¶ 23.)

At one point, when Plaintiff signed out of protective custody, another inmate threatened him. Plaintiff told corrections officers that he needed to "get out of there," and it did not take more than fifteen minutes for him to be returned to protective custody. (*Id.* ¶ 25.) In Plaintiff's experience, the Androscoggin County Jail generally responds very quickly if one inmate reports feeling threatened by another inmate. (*Id.* ¶ 26.)

## DISCUSSION

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'"  *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

Courts review the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor.  *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011).  If a court's review of the record reveals evidence sufficient to support a finding in favor of the non-moving party on one or more of the claims, a trial-worthy controversy exists and summary judgment must be denied to the extent the non-movant has asserted a supported claim.  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### B.  Analysis

Defendants argue that summary judgment is warranted because the record lacks evidence of a constitutional deprivation of sufficient magnitude and evidence of a municipal custom or policy that caused the harm alleged by Plaintiff. (Motion at 3-6.)  Defendants also contend that to the extent that Plaintiff complains of being placed in the same pod as an inmate who threatened him, Plaintiff has not suffered a compensable injury.  That is, Defendants argue that a prisoner

cannot recover for emotional harm under the Prison Litigation Reform Act in the absence of a related physical injury or sexual act. (*Id.* at 6-7, citing 42 U.S.C. § 1997e(2).)

Plaintiff's claims arise under 42 U.S.C. § 1983. Section 1983 provides every United States citizen a right to redress against any person who, acting under color of state law, causes a deprivation of his or her "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under section 1983, a plaintiff must allege two elements: 1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). While it authorizes a cause of action, § 1983 does not confer any substantive rights. The substantive rights must derive from another federal statute or constitutional provision. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998).

1. **Prisoner-on-prisoner assaults resulting in harm**

State prison officials have a duty under the Fourteenth Amendment to protect state prisoners from violence at the hands of other prisoners. *Purvis v. Ponte*, 929 F.2d 822, 825 (1st Cir. 1991). "Moreover, a prisoner need not wait to be assaulted to obtain relief for the infringement of this right." *Id.* A violation occurs when prison officials fail to act despite the existence of a strong likelihood that violence will erupt. *Id.* To establish liability on the part of an individual officer for resulting harm, a claimant must demonstrate that the officer's conduct amounts to deliberate indifference to a substantial risk of serious harm. *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 7-8 (1st Cir. 2002).

As to Plaintiff's allegations regarding Mr. Hodgkins's conduct, the summary judgment record arguably establishes that although certain individual officers were aware that a court order prohibited Plaintiff from having contact with Mr. Hodgkins, the officers were not aware that Mr. Hodgkins posed a *serious* threat of harm to Plaintiff.  Indeed, the apparent reason for the no contact provision was their status as co-defendants, which does not suggest a safety concern.  Because Plaintiff has failed to introduce record evidence from which a fact finder could conclude that the officers were aware that Mr. Hodgkins posed a *serious* risk of harm to him, Plaintiff has failed to generate a disputed factual issue for trial.

More importantly, however, even if the record could be construed to support a deliberate indifference finding against an individual corrections officer, Plaintiff has failed to demonstrate that the Sheriff or anyone employed by the County with supervisory responsibility was personally involved in the decision-making process regarding Plaintiff's cell assignment.  The lack of such evidence is fatal to Plaintiff's claim insofar as to generate liability on the part of the Sheriff or the County (the only named defendants), Plaintiff must introduce evidence of supervisory "condonation or tacit authorization" of conduct that amounted to a constitutional deprivation, *Ocasio–Hernández v. Fortuno-Burset,* 640 F.3d 1, 16 (1st Cir. 2011), or evidence of a failure to train, *Burrell*, 307 F.3d at 9, or evidence that unconstitutional conduct flowed from a custom or policy maintained by the Sheriff or the County, *id.* at 10.  Simply stated, Plaintiff has failed to make the requisite showing.

### 2. Prisoner-on-prisoner threats in the absence of physical harm

The summary judgment record also establishes that Plaintiff's claim based on the Defendant's placement of Plaintiff in the same pod as Mr. Parker fails.  First, the record is devoid of any evidence to support a finding of deliberate indifference, supervisory condonation, failure to

train, or unlawful conduct based on Defendants' custom or policy. Additionally, Plaintiff cannot recover on a claim for money damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because the record contains no evidence that Mr. Parker physically harmed Plaintiff, Plaintiff cannot recover on his claim based on Mr. Parker's conduct.

### 3. Injunctive relief

According to the summary judgment record, Plaintiff is currently assigned to protective custody. Given the absence of a factual basis to support his substantive claims, and given the lack of any evidence to suggest an ongoing concern for Plaintiff's safety based on his cell assignment, Plaintiff has failed to establish an entitlement to injunctive relief.

### CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendants' Motion for Summary Judgment (ECF No. 9).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of May, 2015